Koster, Brady & Nagler, LLP v Callan (2021 NY Slip Op 06085)





Koster, Brady & Nagler, LLP v Callan


2021 NY Slip Op 06085


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Manzanet-Daniels, J.P., Oing, Moulton, Scarpulla, JJ. 


Index No. 654117/15 Appeal No. 14575 Case No. 2021-00533 

[*1]Koster, Brady & Nagler, LLP, et al., Plaintiffs-Appellants,
v
Paul F. Callan, Defendant-Respondent, Martin W. Edelman, et al., Defendants.


Mauro Lilling Naparty LLP, Woodbury (Seth M. Weinberg of counsel), for appellants.
Robert & Robert, PLLC, Uniondale (Clifford S. Robert of counsel), for respondent.



Order, Supreme Court, New York County (Laurence L. Love, J.), entered February 8, 2021, which denied plaintiffs' motion for a judgment declaring the parties' alleged fee sharing agreement is valid and enforceable and granted defendant Paul Callan's cross motion for summary judgment for a contrary declaration, unanimously modified, on the law, to deny the cross motion and grant the motion to extent of declaring that the alleged oral agreement is not invalid as a matter of law, and otherwise affirmed, without costs.
The alleged fee sharing agreement, which was between plaintiff law firm and its withdrawing partner, did not run afoul of rule 1.5 of the Rules of Professional Conduct (22 NYCRR 1200.0) (Marin v Constitution Realty, LLC, 28 NY3d 666, 672 [2017]). Nor was the agreement, which provided the same compensation for ongoing contingency matters to partners, whether they stayed at the firm or left, an improper restraint on the practice of law (cf. Matter of Silverberg [Schwartz], 75 AD2d 817, 819 [2d Dept 1980], appeal dismissed 53 NY2d 704 [1981]).
The agreement did not fall within the statute of frauds since it was theoretically possible to complete within one year (see D & N Boening, Inc. v Kirsch Beverages, 63 NY2d 449, 455 [1984]).
The single writing signed by defendant, that related to a different partner's compensation for contingency cases, signed almost 15 years before defendant withdrew, was not sufficiently related to defendant's withdrawal to constitute the signed writing necessary to piece together a writing from multiple writings. Nor were post-withdrawal emails sent to defendant, to which he never assented, sufficient to constitute such a writing (see Henry L. Fox Co. v Kaufman Org., Ltd., 74 NY2d 136, 142—143 [1989]).
Because the obligations and material terms for the division of fees is certain in the alleged agreement, upon a partner's withdrawal, it is not an unenforceable agreement to agree (cf. Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105 [1981]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021